# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 0:18-cv-60671-RNS

| | |
|---|---|
| **BLUE WATER INNOVATIONS, LLC**, <br><br>        Plaintiff, <br><br> v. <br><br> **JAMIE FETTIG and VEVAZZ, LLC**, <br><br>      Defendants. | **DEMAND FOR JURY TRIAL** |

## DEFENDANTS' BRIEF IN REPLY AND IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

## <u>TABLE OF CONTENTS</u>

I.    Introduction ..................................................................................................................1

II.   Blue Water's Complaint Fails to State a Claim, And Should Be Dismissed Pursuant to
      Fed. R. Civ. P. 12(b)(6). .............................................................................................1

      A.  Blue Water Has Not Alleged Infringement of a Single Patent Claim and Therefore
      Does Not Give Defendants Fair Notice of the Claims and Basis for Blue Water's
      Allegations of Patent Infringement in Counts I-III. ...........................................2

      B.  Count IV Does Not State a Cause of Action, and Thus Does Not State a Claim for
      Which Relief Can Be Granted...............................................................................4

      C.  Blue Water's Claim of Initial Interest Confusion in Count V Is Not a Recognized
      Claim for Which Relief Can Be Granted in the Eleventh Circuit. ......................4

      D.  Blue Water Has Not Alleged Facts Sufficient to Support Its Claims of Unfair
      Competition and False Designation of Origin in Count VI, And the Facts As Alleged by
      Blue Water Preclude Such Claims. .......................................................................6

      E.  Blue Water Has Not Alleged Facts Sufficient To Support Its Claims of Trademark
      Infringement and False Designation of Origin in Count VII, and the Facts As Alleged
      By Blue Water Preclude Such Claims....................................................................7

      F.  Blue Water Has Not Even Attempted to Argue That Count VIII-A Should Not Be
      Dismissed, And The Court Should Dismiss That Count. ......................................8

      G.  Blue Water Has Not Alleged Facts Sufficient To Support Its Claim Of Deceptive
      And Unfair Trade Practices Under  The FDUTPA in Count VIII-B, And the Facts As
      Alleged By Blue Water Preclude Its Claim............................................................8

      H.  Blue Water Has Not Alleged a Legal Basis for Its Claim of False Advertising in
      Count IX Warranting Its Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), and the Facts
      As Alleged By Blue Water Preclude Any False Advertising Claim. .............................. 10

III.  Plaintiff's Complaint Fails to State A Claim Against Dr. Fettig and All Counts Against
      Dr. Fettig Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6). .......................... 11

IV.   The Court Should Deny Blue Water's Request To File An Amended Complaint.........14

      A.  The Court Should Deny Blue Water Leave To Amend Its Complaint, Because
      Allowing Its Amendment Unduly Prejudices Defendants. .............................................14

      B.  The Court Should Deny Blue Water Leave to Amend Counts IV-IX, Because
      Amendment of Those Counts Is Futile. ..........................................................................17

           1.   It Would Be Futile For Blue Water to Amend Count IV, Because Injunctive
           Relief Is A Remedy Not A Cause of Action..........................................................17

           2.   It Would Be Futile For Blue Water To Amend Count V, Because Initial Interest
           Confusion Is Not A Recognized Cause of Action In The Eleventh Circuit And The
           Facts As Pled By Blue Water Preclude It Anyway....................................................17

           3.   It Would Be Futile For Blue Water To Amend Counts VI-VIII-B Because Blue
           Water Admits That The Relevant Consuming Public Is *Actually Not Confused* By

**Any Act of Defendants, Which Precludes Finding A Likelihood Of Confusion Necessary For Blue Water To Prevail On Those Counts.** ........................................ 18

**4.     It Would Be Futile For Blue Water To Amend Count IX, Because Blue Water's Own Pleadings Refute Its Claim of False Advertising.** ............................................. 19

**V.     Conclusion** .................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                      PAGE(S)

*ADT LLC v. Alarm Protection Technology Florida, LLC,*
646 Fed. Appx. 781 (11th Cir. 2016)……………………………………………………...5

*Al-Site Corp. v. VSI International, Inc.,*
174 F.3d 1308 (Fed. Cir. 1999)……………………………………………………………..11

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)……………………………………………………………………2, 3

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)…………………………………………………………*passim*

*Burger King Corp. v. Weaver,*
169 F. 3d 1310 (11th Cir. 1999)………………………………………………………17

*Byrne v. Nezhat,*
261 F.3d 1075 (11th Cir. 2001)………………………………………………………15, 16

*Chanel Inc. v. Italian Activewear of Florida, Inc.,*
931 F.2d 1472 (11th Cir. 1991)………………………………………………………13

*Equity Lifestyle Properties, Inc. v. Florida Moving and Landscape Service, Inc.,*
556 F.3d 1232 (11th Cir. 2009)………………………………………………………...16

*Faser v. Sears, Roebuck & Co.,*
674 F.2d 856 (11th Cir. 1982)………………………………………………………...14

*Frehling Enterprises, Inc. v. International Select Group, Inc.,*
192 F. 3d 1330 (11th Cir. 1999)………………………………………………………18

*Foman v. Davis,*
371 U.S. 178 (1962)………………………………………………………………14

*Fox v. Loews Corp.,*
No. 17-24507-CIV, 2018 WL 2045994 (S.D. Fla. Apr. 13, 2018)…………………………………4

*Hall v. Bed, Bath & Beyond, Inc.,*
705 F.3d 1357 (Fed. Cir. 2013)………………………………………………………12

*Hall v. United Insurance Company of America,*
367 F. 3d 1255 (11th Cir. 2004)………………………………………………………17, 19

*Hoover Group, Inc. v. Custom Metalcraft, Inc.,*
84 F.3d 1408 (Fed. Cir. 1996)………………………………………………………...11

*Hydentra HLP Interational Ltd. v. Luchain*,
No. 1:15-cv-22134-UU, 2016 WL 5951808 (S.D. Fla. June 2, 2016)……………………………...5, 17

*Klay v. United Healthgroup, Inc.*,
376 F.3d 1092 (11th Cir. 2004)………………………………………………………………4, 17

*Manville Sales Corp. v. Paramount Systems, Inc.*,
917 F. 2d 544 (Fed. Cir. 1990)………………………………………………………………...12

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*,
806 F. 2d 1565 (1986)……………………………………………………………………..12

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005)……………………………………………………………...3

*Power Lift, Inc. v. Lang Tools, Inc.*,
774 F. 2d 478 (Fed. Cir. 1985)………………………………………………………………12

*Reese v. Herbert*,
527 F.3d 1253 (11th Cir. 2008)………………………………………………………………14

*Suntree Technologies, Inc. v. EcoSense International, Inc.*,
802 F. Supp. 2d 1273 (M.D. Fla. 2011)………………………………………………………5

*Suntree Technologies, Inc. v. Ecosense International, Inc.*,
693 F.3d 1338 (11th Cir. 2012)………………………………………………………………...5

*Techworks, Inc. v. H.M. Seiden Consulting, Inc.*,
No. 06-60572-CIV, 2006 WL 8432537 (S.D. Fla. Sept. 12, 2006)…………………………...10, 11, 13

*Thermolife International, LLC v. Vitamin Shoppe, Inc.*,
Case No. 0:16-cv-60693-UU, 2016 WL 6678525 (S.D. Fla. Jun. 8, 2016)…………………………2, 3

*USA Nutraceuticals Group., Inc. v. BPI Sports, LLC*,
No. 15-CIV-80352, 2016 WL 4254257 (S.D. Fla. Feb. 16, 2016)………………………….......10

*USA Nutraceuticals Group, Inc. v. BPI Sports, LLC*,
165 F. Supp. 3d 1256 (S.D. Fla. 2016)………………………………………………………....5, 17

*United States v. JBA Motorcars, Inc.*,
839 F. Supp. 1572, 1577 (S.D. Fla. 1993)………………………………………………………...11

*Vital Pharmaceuticals, Inc. v. American Body Building. Products, LLC*,
511 F. Supp. 2d 1303 (S.D. Fla. 2007)………………………………………………………5

*Wordtech Systems, Inc. v. Integrated Networks Solutions, Inc.*,
609 F.3d 1308 (Fed. Cir. 2010)………………………………………………………………11, 12

*Zarrella v. Pacific Life Insurance Co.*,
755 F.Supp.2d 1231 (S.D. Fla. 2011)………………………………………………………10

## STATUTES AND RULES                                              PAGE(S)

15 U.S.C. § 1114……………………………………………………………………..4 n.2, 13

15 U.S.C. § 1125………………………………………………………………4 n.2, 6, 8

21 U.S.C. § 360c(i)……………………………………………………………………19

Fed. R. Civ. P. 8(a)………………………………………………………....6, 8, 10, 13

Fed. R. Civ. P. 9(b)…………………………………………………………...10

Fed. R. Civ. P. 12(b)(6)………………………………………………………*passim*

Fed. R. Civ. P. 15(a)(1)(B)……………………………………………………16

Fed. R. Civ. P. 15(a)(2)………………………………………………………14, 15

Fla. Stat. § 495.151……………………………………………………………8

Fla. Stat. § 501.201……………………………………………………………2 n.1

## OTHER AUTHORITY                                               PAGE(S)

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)…………………………7

## I.     Introduction

As discussed in Defendants' Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support ("Motion to Dismiss"), none of Blue Water's ten counts (including two counts identified as Count VIII) against Defendants were properly pled. As an initial matter, Blue Water's allegations are so threadbare, it is impossible to determine what purported acts of Defendants allegedly support its claims. Moreover, Blue Water also alleged verified facts that bar it from succeeding on the merits with respect to a majority of its claims. Blue Water also failed to allege any facts that justify holding Dr. Fettig personally liable for acts purportedly committed by Vevazz.

Blue Water did not even try to correct the many deficiencies of its Complaint when it could have attempted to so by filing an amended complaint as of right. Instead, Blue Water now seeks leave to file an amended complaint. The Court should not reward Blue Water with another opportunity to file an amended complaint, when it: failed to do so when it could have of as right; did not explain its failure to do so; and did not provide the Court with its amended complaint. Blue Water's conduct suggests it has used its first filed complaint simply to test drive myriad claims at Defendants' expense. Such conduct should not be rewarded with leave to file an amended complaint, as such grant would be unduly prejudicial to Defendants. Further, Blue Water's verified allegations preclude it from succeeding on a majority of its claims, rendering amendment futile. Defendants, therefore, respectfully request that the Court issue an order dismissing Blue Water's Complaint in its entirety, and that Blue Water's request for leave to file an amended complaint be denied.

## II.     Blue Water's Complaint Fails to State a Claim, And Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

Blue Water apparently understands that threadbare allegations like those in its Complaint cannot withstand a motion to dismiss. Indeed, in its Response to Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss Response"), Blue Water states: "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' and 'unadorned, the

1

defendant-unlawfully-harmed-me accusation[s],' cannot withstand a motion to dismiss." (DE 18 at 3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). For at least the reason that each and every count of Blue Water's Complaint is "threadbare" and "supported by mere conclusory statements," none of Blue Water's counts meet the requisite pleading requirements and they should all be dismissed.

To the extent Blue Water defends its Complaint, Blue Water often merely recites excerpts from its Complaint and concludes—without legal support or analysis—that the count in dispute was properly pled. In its response, Blue Water also fails to address many of arguments made in Defendants' Motion to Dismiss. This includes Blue Water's failure to contest at all that Count VIII-A[1] for common law trademark infringement should be dismissed. Blue Water also repeatedly and wrongly claims that Defendants did not cite legal authority in support of dismissing Counts IV, VI, VII, and VIII-B. As discussed below, Defendants' arguments to dismiss all of Blue Water's counts (including Counts IV, VI, VII, and VIII-B) are fully supported. Further, that Blue Water repeatedly overlooked (or purposefully ignored) Defendants' cited legal authority demonstrates the lack of faith Blue Water has in its meritless claims and further warrants the dismissal of its Complaint with prejudice.

> **A. Blue Water Has Not Alleged Infringement of a Single Patent Claim and Therefore Does Not Give Defendants Fair Notice of the Claims and Basis for Blue Water's Allegations of Patent Infringement in Counts I-III.**

This Court has unequivocally held that a complaint that fails to specify which claims of an asserted patent are alleged to be infringed "does not give Defendants fair notice—or any notice at all—as to patent infringement" of unidentified patent claims. *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, Case No. 0:16-cv-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. Jun. 8, 2016) (dismissing patent infringement claims that failed to identify the patent claims alleged to be infringed). Complaints that

---

[1] Blue Water's Complaint contains two counts labeled Count VIII, one purporting to be a claim for common law trademark infringement and the other purporting to be a claim for deceptive and unfair trade practices under Fla. Stat. § 501.201 (the "FDUTPA"). (*See* DE 1 at 14-15). In their Motion to Dismiss, to distinguish between these two counts labeled as Count VIII, Defendants referred to the former as Count VIII-A and the latter as Count VIII-B. (DE 15 at 10 n.3).

fail to specify allegedly infringed patent claims are "woefully insufficient" and do not meet the pleading requirements of *Iqbal* and *Twombly*. *Id.* (citing *Iqbal*, 556 U.S. at 679 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Tellingly, in its response, Blue Water ignores the legal standards for properly pleading a claim of patent infringement. Instead, Blue Water recites numbered paragraphs 18-28 from its Complaint and a paragraph from an exhibit to its Complaint that generically alleges infringement of one of the three asserted patents in this case (U.S. Patent No. 9,044,595), claiming that such information provides "adequate notice as to the claims asserted." (DE 18 at 4-5). This information, at best, supports Blue Water's alleged rights in the asserted patents and vaguely alleges (without specifying a claim or infringed limitation) patent infringement of one of them. Nowhere in Blue Water's recited information (or in its Complaint) is a single claim of any of the asserted patents even identified as being infringed, nor is there any analysis in support of Blue Water's generic and wholly conclusory allegations of infringement. (*See*, DE 18 at 4-5; *see also generally* DE 1). Indeed, Blue Water has not even presented any analysis alleging that the accused (but unspecified) Vevazz device meets a single limitation of any claim of the three asserted patents. (DE 18 at 4-5; *see also* DE 1). Instead, Blue Water disregards fundamental patent law (and the limits to any rights it may have in the asserted patents, delineated by the claims of those patents) to generically allege infringement. (*See*, *id.*; *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) ("It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'")). Thus, there is absolutely no basis for Blue Water to claim that Defendants have "adequate notice" of the claims against them.

Simply put, the deficiencies of Blue Water's patent claims (Counts I-III) are even less acceptable than the "woefully insufficient" pleadings of the plaintiff in *Thermolife,* which failed to give defendants "fair notice—or any notice at all," of the claims against them. For at least the reasons

presented in Defendants' Motion to Dismiss (DE 15 at 2-4), including Blue Water's failure to identify any claim of its patents that is allegedly infringed or a product that allegedly infringes its patent claims, the Court should dismiss Counts I-III of the Complaint.

### B. Count IV Does Not State a Cause of Action, and Thus Does Not State a Claim for Which Relief Can Be Granted.

As explained in Defendants' Motion to Dismiss, Count IV is a prayer for injunctive relief and is not itself a cause of action or claim upon which relief can be granted. (DE 15 at 4). Contrary to Blue Water's Response Brief stating Defendants failed to cite any law in support of this argument, Defendants expressly cited decisions of this Court and the Court of Appeals for the Eleventh Circuit holding that "[t]here is no such thing as a suit for a traditional injunction in the abstract." (*Id.* (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) and *Fox v. Loews Corp.*, No. 17-24507-CIV, 2018 WL 2045994, at *10 (S.D. Fla. Apr. 13, 2018)). This is not disputed law. As such, Count IV cannot and does not state a claim for which relief can be granted. This Court should, therefore, summarily dismiss Count IV under Fed. R. Civ. P. 12(b)(6).

### C. Blue Water's Claim of Initial Interest Confusion in Count V Is Not a Recognized Claim for Which Relief Can Be Granted in the Eleventh Circuit.

In responding to Defendants' Motion to Dismiss Blue Water's Count V on initial interest confusion,[2] Blue Water argues that the question of whether initial interest confusion is actionable is still open in the Eleventh Circuit. While the cases Blue Water relies upon acknowledge that the Eleventh Circuit "has not yet decided" or "has not yet had the opportunity to determine" whether a claim of initial interest confusion is actionable, those same cases confirm that the courts of this Circuit

---

[2] Confusingly, Count V also purports to state a claim for common law trademark infringement and unspecified actions under 15 U.S.C. §§ 1114 and 1125, neither of which, as explained in Defendants' Motion to Dismiss, recite a cause of action for initial interest confusion. (DE 15 at 4-5). Blue Water does not address this lack of clarity on the legal basis for its claims in Count V in its Motion to Dismiss Response. (DE 18 at 6-7).

have declined to adopt initial interest confusion as a cause of action. *Hydentra HLP Int. Ltd. v. Luchain*, No. 1:15-cv-22134-UU, 2016 WL 5951808, at *17 (S.D. Fla. June 2, 2016); *ADT LLC v. Alarm Prot. Tech Fla., LLC*, 646 Fed. Appx. 781, 785 (11th Cir. 2016). Indeed, this Court has repeatedly declined to recognize claims for initial interest confusion. *See e.g.*, *Hydentra*, 2016 WL 5951808, at *17 (declining to determine whether "initial interest confusion" is actionable); *see also, e.g.*, *Vital Pharm., Inc. v. Am. Body Bldg. Prods., LLC*, 511 F. Supp. 2d 1303, 1318 (S.D. Fla. 2007); *USA Nutraceuticals Group, Inc. v. BPI Sports, LLC*, 165 F. Supp. 3d 1256, 1268 (S.D. Fla. 2016) (holding that "[i]nitial interest confusion has yet to be welcomed in the Eleventh Circuit"). And other courts in this judicial circuit have expressly held that "initial interest confusion [ ] is not actionable confusion in the Eleventh Circuit." *Suntree Techs., Inc. v. EcoSense Int'l, Inc.*, 802 F. Supp. 2d 1273, 1283 (M.D. Fla. 2011) *aff'd*, 693 F.3d 1338 (11th Cir. 2012) (issue not reached on appeal). Blue Water has not presented any argument or reason as to why this Court should break from the long-standing precedent of this judicial circuit and recognize initial interest confusion as a cause of action, when every court in the Eleventh Circuit has so far declined to do so.

To the extent Blue Water's initial interest confusion claim is predicated on Defendants' alleged use of common Internet advertising practices, this Court has held absent actual confusion, which Blue Water has not alleged, such actions are "not censurable." *USA Nutraceuticals*, 165 F. Supp. 3d at 1267-68. Moreover, Blue Water has specifically alleged verified facts evidencing that its clients differentiate the Vevazz device from Blue Water's device and do not associate the two parties, meaning that there is *no actual confusion* in the marketplace. (DE 15 at 5 citing (DE 1 at 4 ¶16)). Thus, even if initial interest confusion was a recognized cause of action in this judicial circuit, the facts as alleged and verified by Blue Water preclude a finding for Blue Water on the merits. Blue Water did not address this fatal flaw to its claim, and it cannot run from its own admission. (*See* DE 18 at 6-7). As further discussed *infra*

Section IV, Blue Water's admission renders any amendment of Count V futile, justifying its dismissal with prejudice.

### D. Blue Water Has Not Alleged Facts Sufficient to Support Its Claims of Unfair Competition and False Designation of Origin in Count VI, And the Facts As Alleged by Blue Water Preclude Such Claims.

On Count VI, Blue Water yet again mischaracterizes Defendants' Motion to Dismiss by stating "Defendants cite no authority for dismissal." (DE 18 at 8). To be clear, in support of its motion to dismiss Count VI, Defendants cited not only to U.S. Supreme Court law discussing the pleading of requirements of Fed. R. Civ. P. 8(a)(2), but to a respected treatise cited by the U.S. Supreme Court in discussion of the same and an Eleventh Circuit case discussing the requirements for an unfair competition claim under Section 43(a) of the Lanham Act. (DE 15 at 6-7). As if this was not enough support, because Blue Water's Complaint does not identify any acts of Defendants allegedly supporting its claim for unfair competition, Defendants also cited a case from this Court holding that without actual confusion common Internet advertising practices allegedly practiced by Defendants do not in and of themselves create customer confusion or likelihood thereof.[3] (DE 15 at 7). Thus, there is no basis for Blue Water's mischaracterization of Defendants' Motion to Dismiss.

Having overlooked or ignored Defendants' legal authority supporting dismissal of Count VI, Blue Water, in reply, simply recites the language of 15 U.S.C. §1125(a)(1) and selected numbered paragraphs from its Complaint. (DE 18 at 8-9). Blue Water cites no legal authority beyond 15 U.S.C. §1125(a)(1)) and makes the wholly conclusory claim that its "allegations meet the pleading

---

[3]  Even if Blue Water's claims in Count VI were somehow deemed to meet the requisite pleading requirements, its claim for unfair competition relies on the same bases as its non-actionable initial interest confusion claim and could be dismissed on that basis as well. The facts as alleged and averred to by Blue Water demonstrate that relevant public is *not confused*, and fully appreciates that there is no association between Defendants and Blue Water. (DE 15 at 7). As such, and as discussed in Section IV, Blue Water's own allegations preclude any finding that the relevant consuming public is likely to be confused by whatever conduct of Defendants that Blue Water complains of, further supporting dismissal of Count VI with prejudice.

requirements." (*Id.* at 9). At best, Blue Water's only allegation relevant to its claim of unfair competition is its allegation that Defendants' "website uses the UltraSlim® trademark in [a] manner that falsely associates the Fettig and Vevazz device with those of Blue Water." (*Id.* at 8 (reciting DE 1 at 8 ¶ 37)). This barebones allegation fails to identify the purported "manner" in which the Defendants alleged use of the UltraSlim® trademark underpins Blue Water's unfair competition claim. As explained in Defendants' Motion to Dismiss, such generic allegations are insufficient to provide notice to Defendants of the conduct Blue Water believes forms the basis for its claims of unfair competition claim and false designation of origin. (DE 15 at 6-7). Count VI therefore fails to meet the pleading standards under *Twombly* (*id.* (citing 550 U.S. at 555 and quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)), and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### E. Blue Water Has Not Alleged Facts Sufficient To Support Its Claims of Trademark Infringement and False Designation of Origin in Count VII, and the Facts As Alleged By Blue Water Preclude Such Claims.

As is unfortunately a common refrain, on Count VII, Blue Water again mischaracterizes Defendants' Motion to Dismiss and wrongly states that "Defendants again cite no authority that Plaintiff has failed to meet the pleading requirement to support dismissal." (DE 18 at 9)[4]. In moving to dismiss Count VII, Defendants, however, expressly cited to the U.S. Supreme Court decision in *Twombly* and explained that Count VII—like Count VI—was "nothing more than the generic recitation of elements of a cause of action" and was "devoid of facts sufficient to determine what action of Defendants believes supports its claims," rendering it a purely speculative claim that did not give Defendants the fair notice they are due. (DE 15 at 8 (citing *Twombly*, 550 U.S. at 555)). Simply put,

---

[4] Having again overlooked or ignored the controlling legal authority that requires more than generic and speculative allegations, Blue Water simply concludes (without basis in law or fact) that Count VII is properly pled. (DE 18 at 9). Blue Water's response reflects its disregard for the requisite pleading standard, as its argument in support of Count VII is again nothing more than a generic recitation of a cause of action with insufficient facts to elevate its claim beyond a purely speculative claim. (*See*, *id.*).

Blue Water's allegations in Count VII do not meet the pleading requirements set forth in *Twombly*, which holds that a plaintiff's obligation under Fed. R. Civ. P. 8(a)(2) requires it to provide "fair notice of what a claim against a defendant is '"and the grounds upon which rests,"' and that identifying the "'grounds' . . . requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). Thus, Blue Water's mischaracterization of Defendants' Motion to Dismiss is again demonstrably incorrect, and Count VII should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for at least the reason that it fails to meet the requisite pleading requirements under *Twombly*.

In addition, Blue Water also fails to address several other deficiencies of Count VII (*see* DE 15 at 8-10), including that its own admissions foreclose it from maintaining any claim that relies upon a likelihood of confusion. (*Id.* at 9). Thus, for these unaddressed reasons, which, as discussed in Section IV render amendment of Count VII futile, Count VII should be dismissed with prejudice.

F.   **Blue Water Has Not Even Attempted to Argue That Count VIII-A Should Not Be Dismissed, And The Court Should Dismiss That Count.**

Count VIII-A of Blue Water's Complaint confusingly purports to state a claim for common law trademark infringement "under 15 U.S.C. § 1125(a) unfair competition under Florida law and Fla. Stat. § 495.151." (DE 1 at 14 ¶ 85). In its Response, Blue Water did not even attempt to refute Defendants' Motion to Dismiss Count VIII-A. (*See generally* DE 18). Blue Water, therefore, has waived any argument that its various claims in Count VIII-A are ones upon which relief can be granted, and this Court should dismiss Count VIII-A with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for at least the reasons presented in Defendants' Motion to Dismiss. (*See* DE 15 at 10-12).

G.   **Blue Water Has Not Alleged Facts Sufficient To Support Its Claim Of Deceptive And Unfair Trade Practices Under  The FDUTPA in Count VIII-B, And the Facts As Alleged By Blue Water Preclude Its Claim.**

As an initial matter on Count VIII-B, Blue Water, yet again, has wrongly stated that "Defendants cite no authority that Count VIII is improperly pleaded." (DE 18 at 9). As explained

with respect to other counts, Defendants expressly cited to and relied upon the U.S. Supreme Court decision in *Twombly* in support of their argument to dismiss Count VIII-B. (DE 15 at 12). As with its other generic and conclusory allegations, Blue Water did not make any factual allegations from which it is possible to discern what acts of Defendants are "so egregious" that Blue Water claims they justify fees and costs, let alone constitute violations of the FDUTPA. (*Id*.). Because Count VIII-B is not supported by facts sufficient to determine the bases for Blue Water's claims, Blue Water's Complaint fails to identify the grounds that support its claim under Count VIII-B and does not provide Defendants with the fair notice of the claims against them sufficient to satisfy the minimum pleading requirements. (*Id.* (citing *Twombly*, 550 U.S. at 555)). Thus, Count VIII-B should be dismissed for failing to state a claim under Fed. R. Civ. P. 12(b)(6) for this reason alone.[5]

---

[5] In addition, Blue Water fails to refute Defendants' arguments (DE 15 at 12-13) demonstrating that it failed to properly plead an FDUTPA claim. (*See* DE 18 at 9-11.) Instead, Blue Water merely recited several numbered paragraphs from its Complaint (paragraphs 35-37, 89 and 90) and without analysis claims that such paragraphs support "the causes of action in Count VIII." (DE 18 at 10-11).

It is unclear what causes of action other than a FDUTPA claim Blue Water believes it is making in Count VIII, but it is clear that the allegations of paragraphs 35-37, 89 and 90 do not identify any deceptive act or unfair practice sufficient to support a claim under the FDUTPA, and/or are refuted by Blue Water's own averments elsewhere in its Complaint. For example, Blue Water cannot claim (as it does in paragraphs 37 and 89) that unspecified actions of Defendants "falsely associate[ ]" or deceive the public in to believing Defendants and/or their products are associated with Blue Water, when Blue Water avers that its clients know the difference between the Blue Water's and Vevazz's product and *do not* associate the two companies with one another. (*See* DE 1 at 4 ¶ 16). Blue Water, therefore, has not and cannot demonstrate any deceitful act or unfair practice, precluding any claim under the FDUTPA.

Moreover, any claim of purported lost sales by Blue Water are not "actual damages," as required under the FDUTPA, but are the result of normal competition in the marketplace and consumers exercising their purchasing decisions. (*See id.* (Blue Water averring that its clients have complained about the lower cost of Vevazz's device)). Thus, not only did Blue Water fail to plead sufficient facts to provide Defendants fair notice of its purported claim under the FDUTPA, the facts as pled and averred to by Blue Water demonstrate that there is no basis for any claim under the FDUTPA—further warranting the dismissal of Count VIII-B, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

**H.  Blue Water Has Not Alleged a Legal Basis for Its Claim of False Advertising in Count IX Warranting Its Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), and the Facts As Alleged By Blue Water Preclude Any False Advertising Claim.**

Count IX of Blue Water's Complaint purports to be a claim for false advertising. Blue Water, however, failed to identify the legal basis for this purported false advertising claim. Thus, as identified in Defendants' Motion to Dismiss, Count IX should be dismissed because it fails to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." (DE 15 at 14 (quoting *Twombly*, 550 U.S. at 555 (citation omitted and ellipses in original) and citing *Techworks*, 2006 WL 8432537, at *3 (citations omitted) (dismissing *sua sponte* a claim that failed to state the basis for relief for failing to meet the pleading requirements for Fed. R. Civ. P. 8(a).)).

True to form, Blue Water, in its Response, did not address this failing of its pleading and instead recited various paragraphs from its Complaint to conclude without analysis or legal support that these allegations "constitute the elements of a false advertising claim." (DE 18 at 11-12). Setting aside the fact that the legal basis (federal, state, or common law) under which Blue Water makes its claims is unclear, its generic allegations do not constitute a properly pled claim for false advertising. As Defendants identified, Blue Water's claim of false advertising purports to allege a claim of fraud by Defendants upon the consuming public and/or the FDA, and as such, must be pled with specificity under Fed. R. Civ. P. 9(b). (DE 15 at 16). Blue Water's vague allegations of false advertising do not satisfy the requirements for pleading allegations of fraud. *See USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-CIV-80352, 2016 WL 4254257, at *2 (S.D. Fla. Feb. 16, 2016); *see also Zarrella v. Pac. Life Ins. Co.*, 755 F.Supp.2d 1231, 1236 (S.D. Fla. 2011). Even if Count IX is analyzed under the lesser pleading requirements of Fed. R. Civ. P. 8, Blue Water still fails to state a claim of false advertising upon which relief can be granted. (*See* DE 15 at 16 n.7). When considering similarly deficient pleadings, this Court has *sua sponte* dismissed claims that fail to specify a legal basis for failing to meet the pleading requirements of Fed. R. Civ. P. 8(a). *Techworks*, 2006 WL 8432537, at *3 (S.D. Fla. Sept. 12, 2006)

(citations omitted). Therefore, for at least the reasons presented in Defendants' Motion to Dismiss, Count IX should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Finally, the Court should dismiss Count IX, because Blue Water's own allegations refute any possible claim Blue Water could have that Defendants have made false advertisements and/or false representations to the FDA. (*See* DE 15 at 16-17). Thus for this additional reason (which as discussed in Section IV also renders any amendment of Count IX futile), the Court should dismiss Count IX with prejudice.

### III.   Plaintiff's Complaint Fails to State A Claim Against Dr. Fettig and All Counts Against Dr. Fettig Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons discussed in Defendants' Motion to Dismiss and reiterated above, this Court should dismiss the entirety of Blue Water's Complaint against Vevazz and Dr. Fettig. In addition, Blue Water's claims against Dr. Fettig personally have additional deficiencies and should be dismissed. Holding an individual personally liable for a corporation's actions is undertaken only in limited circumstances, none of which has been properly pled by Blue Water. *See, e.g., Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411 (Fed. Cir. 1996). Courts generally respect the corporate entity and only pierce the corporate veil to hold individuals personally liable in limited and unusual circumstances. Examples of these unusual circumstances include when piercing the corporate veil is necessary to prevent very specific harms like fraud, self-dealing, or unjust enrichment. *See Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999); *see also Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1314 (Fed. Cir. 2010) (citations and quotations omitted); *United States v. JBA Motorcars, Inc.*, 839 F. Supp. 1572, 1577 (S.D. Fla. 1993); *Techworks*, 2006 WL 8432537, at *4 (S.D. Fla. Sept. 12, 2006). Blue Water has not pled any such circumstances that would justify piercing the corporate veil in this case, warranting dismissal of all Counts that require piercing the veil to hold an individual liable for the purported acts of a corporation.

Blue Water argues that its allegations sufficiently demonstrate Dr. Fettig's personal liability for Blue Water's trademark and patent claims. (DE 18 at 14-15). Blue Water, however, overstates the law and/or the applicability of the law to the facts and claims of this case. Therefore, and for at least the reasons presented in Defendants' Motion to Dismiss and discussed below, the Court should dismiss all Counts against Dr. Fettig for failing to state a claim upon which relief can be granted.

First, Blue Water mistakenly suggests that individuals may be liable for direct patent infringement without first piercing the corporate veil. (*See* DE 18 at 14-15). The law is clear that to find an individual liable for direct infringement under 35 U.S.C. § 271(a) for the acts of a corporation, "there must be evidence to justify piercing the corporate veil." *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F. 2d 544, 552 (Fed. Cir. 1990); *see also Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313-14 (Fed. Cir. 2010). Indeed, even the *Orthokinetics* case relied upon by Blue Water states that "determining whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F. 2d 1565, 1579 (1986); *see also Wordtech Sys., Inc.*, 609 F.3d at 1313 (quoting same with approval). In arguing that Dr. Fettig is personally liable for purported acts of Vevazz under a theory of induced infringement, Blue Water also misstates the Federal Circuit's holding in the *Power Lift* case. (DE 18 at 15). Importantly, in that case, the Federal Circuit simply held that "a 'broad' reading of § 271(b) . . . ***may*** include liability of corporate officials who actively aid and abet their corporation's infringements"—not "are subject to personal liability" as Blue Water represents. *Compare* (*Power Lift, Inc. v. Lang Tools, Inc.*, 774 F. 2d 478, 481 (Fed. Cir. 1985) (emphasis added) *with* (DE 18 at 15)). The Federal Circuit implicitly clarified the holding of *Power Lift* in its *Hall v. Bed Bath & Beyond, Inc.* decision, when it applied principles of state law governing piercing the corporate veil to uphold the dismissal of induced patent infringement claims brought against a corporate officer. 705 F.3d 1357, 1365 (Fed. Cir. 2013). Thus, Federal Circuit law uniformly requires

that before an individual can be personally liable for any purported act of patent infringement by a corporate entity there must be a basis for piercing the corporate veil. Blue Water has not pled any facts that support doing so in this case, and the claims of patent infringement in Counts I-III against Dr. Fettig should be dismissed.

Second, the holding of the *Chanel* case Blue Water uses to argue that Dr. Fettig is personally liable for trademark infringement only extends personal liability for "trademark infringement under the Lanham Act." *Chanel Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (citing 15 U.S.C. § 1114). The holding in *Chanel* does not extend to any other cause of action. *Id.* Therefore, the only claim for which Dr. Fettig could possibly be personally liable for is a trademark infringement claim brought under 15 U.S.C. § 1114, which, at most, potentially implicates Count VII of Blue Water's Complaint. Setting aside the fact that Count VII lacks sufficient factual allegations to identify what the purported infringing act is, Count VII purports to be a claim under four different sections of the Lanham Act. (DE 1 at 13 ¶ 80). As such, Count VII is wholly ambiguous as to its purported legal bases and cannot be relied upon to hold Dr. Fettig personally liable. *See Techworks*, 2006 WL 8432537, at *3 (S.D. Fla. Sept. 12, 2006) (citations omitted) (dismissing *sua sponte* a claim that was unclear as to its purported legal basis for failing to meet the pleading standards of Fed. R. Civ. P. 8(a)). Thus, the Court should dismiss Count VII against Dr. Fettig due to its complete lack of clarity.

Third, and because the holding in *Chanel* is limited only to claims of trademark infringement under the Lanham Act, Blue Water has not demonstrated any reason for holding Dr. Fettig personally liable for any of its various other claims, including: its claim for injunctive relief (Count IV, which as already discussed is not in and itself a cause of action); its claim for initial interest confusion (Count V, which has not been recognized as a cause of action in the Eleventh Circuit); its claim for unfair competition (Count VI); its claim for common law trademark infringement (Count VIII-A, which Blue Water has not even argued should not be dismissed); its claim under the FDUTPA (Count VIII-

B); and its claim for false advertising (Count IX). To hold Dr. Fettig personally liable any of these claims, Blue Water would have had to plead allegations sufficient to justify disregarding the corporate structure, which it did not do. Thus, the Court should dismiss Counts IV, V, VI, VIII-A, VIII-B and IX against Dr. Fettig, pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

**IV.    The Court Should Deny Blue Water's Request To File An Amended Complaint.**

The right to amend a pleading under Fed. R. Civ. P. 15(a)(2) is "not an automatic right." *Faser v. Sears, Roebuck & Co.,* 674 F.2d 856, 860 (11th Cir. 1982) (internal citation omitted). The decision to grant leave is within the discretion of the district court and may be denied for various reasons including, for example: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also e.g., Reese v. Herbert*, 527 F. 3d 1253, 1263 (11th Cir. 2008) (internal citations omitted). In this case, Blue Water should be denied leave to amend its Complaint because allowing it to amend its Complaint would reward Blue Water for its apparent pleading strategy of "shoot first, aim later." Such a strategy unduly prejudices Defendants in this case and encourages such behavior in other cases. Moreover, Blue Water's request for leave to amend should be denied, because Blue Water cannot escape its own averred allegations that preclude most of its claims and render their amendment futile.

**A.   The Court Should Deny Blue Water Leave To Amend Its Complaint, Because Allowing Its Amendment Unduly Prejudices Defendants.**

As argued in Defendants' Motion to Dismiss and discussed above, Blue Water's Complaint relies upon threadbare allegations and generic recitations to purportedly state causes of action including patent infringement, trademark infringement, unfair competition, and false or fraudulent advertising claims. None of these claims are well-pled. Prior to filing their Motion to Dismiss, Defendants sent Blue Water a letter detailing the flaws in the Complaint and the theories underlying

the Complaint.[6] Defendants requested that Blue Water withdraw its claims to avoid having the parties engage in needless and wasteful litigation. Blue Water did not respond to Defendants' letter nor did it withdraw its claims. This forced Defendants to expend significant resources in moving to dismiss Blue Water's ill-conceived, scattershot Complaint. In now seeking leave to amend, Blue Water effectively concedes that its Complaint is flawed and should have been withdrawn or amended when Defendants first notified Blue Water of its flaws.

In its Motion to Dismiss Response, however, Blue Water does little to defend the propriety of its claims. In most instances, and as discussed above, Blue Water incorrectly states that Defendants have not provided legal support to dismiss its claims, ignores Defendants' substantive arguments, and/or repeats its threadbare allegations to simply conclude—without analysis or argument—that its Complaint was adequate. (*See* Sections II & III).

It is apparent that Blue Water fired off its Complaint, with its various unsupported claims, banking on the Court allowing it to amend its claims after Defendants were forced to expend resources in moving to dismiss them. Blue Water, apparently ignoring the requirement of "when justice so requires," believes that Rule 15's instruction that Courts should "freely give leave" to amend, gives it a free pass to test drive its myriad claims at Defendants' expense. (*See* Fed. R. Civ. P. 15(a)(2)). The interests of justice are not served when a plaintiff, like Blue Water, is rewarded for filing myriad threadbare claims assuming that the Court will grant it leave to amend after forcing a defendant to file a motion to dismiss. *See Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if

---

[6] In this letter, Defendants informed Blue Water that its Complaint failed to specify any allegedly infringed patent claim and it did not even specify any allegedly infringed limitation of any patent claim. (Declaration of Jeremy Adelson (filed concurrently with this Reply), Ex. 1 at 1-2). Defendants also notified Blue Water that because it verified allegations that "consumers in the marketplace recognize Vevazz's product as different from and not associated with Blue Water," such admission precluded a finding of likelihood of confusion necessary for Blue Water to maintain its various trademark related claims. (*Id.* at 3). Counsel for Defendants further suggested that Blue Water withdraw its meritless claims so that the parties would avoid needless and wasteful litigation. (*Id.* at 4).

tolerated, harm the court by impeding its ability to administer justice."); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241(11th Cir. 2009) (quoting same with approval). In particular, defendants, like Vevazz and Dr. Fettig, are particularly prejudiced when a plaintiff, like Blue Water, maintains its claims even after being informed of the deficiencies of its pleading and the legal bases (or lack thereof) of its claims. *Byrne*, 261 F.3d at 1130 (holding that "litigating a case framed by shotgun pleadings, obviously harms one or both parties," and explaining that plaintiffs file shotgun complaints to extort settlement.).

Moreover, and consistent with its apparent strategy of test driving its claims, Blue Water did not provide the Court with a proposed amended complaint, suggesting that Blue Water wants to craft its amended complaint only after deriving the benefit of the Court's ruling on Defendants' Motion to Dismiss. Blue Water should not be allowed to abuse the general practice of courts to liberally grant leave to amend and use its first filed Complaint to explore various legal claims at the expense of Defendants, expecting to amend those claims with the benefit of the Court's ruling on the same. *See*, *Byrne*, 261 F.3d at 1131-32 (holding that "shotgun pleadings" waste scarce judicial resources, impede the administration of justice and are an abusive litigation tactic). Allowing leave to amend in such circumstances is unduly prejudicial to defendants generally and to Defendants in this case. *See*, *id.*

Furthermore, in this case, not only did Blue Water maintain its claims after Defendants first notified it of its deficient claims, Blue Water also did not amend its Complaint when it could have done so as a matter of right under Fed. R. Civ. P. 15(a)(1)(B). Blue Water provides no explanation of why it did not exercise this right, or why the Court should now grant it leave to amend when it did not do so of its own accord. (*See*, DE 18 at 3). The Court should not reward Blue Water for forcing Defendants to move to dismiss its flawed Complaint with a fresh opportunity to amend, when Blue Water did not amend its Complaint as allowed of right under the Federal Rules. Thus, for this additional reason, the Court should deny Blue Water's request for leave.

**B. The Court Should Deny Blue Water Leave to Amend Counts IV-IX, Because Amendment of Those Counts Is Futile.**

Courts deny leave to amend complaints, when an amended complaint contains "no potentially meritorious claims." *Hall v. United Ins. Co. of America*, 367 F. 3d 1255, 1262-63 (11th Cir. 2004). Even though Blue Water did not provide the Court with the amended complaint it is seeking leave to file, the futility of amending its present claims can be determined from the nature of Blue Water's purported claims and the averments in its existing complaint that bar an ultimate finding in Blue Water's favor. The Court should, therefore, deny Blue Water leave to amend at least Counts IV-IX (including both Claim VIIIs) because amendment of these counts would be futile. *See*, *id.*; *see also Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1320 (11th Cir. 1999) (holding amendment futile as a matter of law and collecting cases justifying denial of leave to amend based on futility of amendment).

**1. It Would Be Futile For Blue Water to Amend Count IV, Because Injunctive Relief Is A Remedy Not A Cause of Action.**

Count IV is titled "Injunctive Relief" and is, therefore, a prayer for relief and not itself a cause of action. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) (holding "[t]here is no such thing as a suit for a traditional injunction in the abstract"). Blue Water, therefore, cannot as a matter of law maintain a claim for "injunctive relief." Thus, any attempt by Blue Water to amend Count IV would be futile. *See*, *e.g.*, *Burger King Corp. v. Weaver*, 169 F. 3d at 1320.

**2. It Would Be Futile For Blue Water To Amend Count V, Because Initial Interest Confusion Is Not A Recognized Cause of Action In The Eleventh Circuit And The Facts As Pled By Blue Water Preclude It Anyway.**

There is no dispute that the Eleventh Circuit has yet to recognize initial interest confusion as actionable. (*See e.g.*, DE 18 at 6 citing *Hydentra*, 2016 WL 5951808, at *17). Moreover, this Court has already determined that absent "actual infringement or, more specifically confusion," common Internet advertising practices, like using a competitor's brand name to trigger an ad, "is not censurable." *USA Nutraceuticals*, 165 F.Supp.3d at 1267-68. In its Verified Complaint, Blue Water

17

expressly admitted that "several [of Blue Water's] clients have complained that the Vevazz device and system is substantially less expensive and sells for approximately 10% of the Blue Water device and system, as the Vevazz product us a cheaply made 'knock-off.'" (DE 1 at 4 ¶16). In other words, Blue Water has admitted that its clients are *actually not confused* by any purported action of Defendants and do not associate Defendants with Vevazz. Blue Water cannot run from this admission, and therefore must live with the facts it admits that bar a claim of initial interest confusion, even if such claim was recognized as an actionable claim in the Eleventh Circuit. Thus, any amendment of Count V would be futile and Blue Water's request for leave to do so should be denied.

### 3. It Would Be Futile For Blue Water To Amend Counts VI-VIII-B Because Blue Water Admits That The Relevant Consuming Public Is *Actually Not Confused* By Any Act of Defendants, Which Precludes Finding A Likelihood Of Confusion Necessary For Blue Water To Prevail On Those Counts.

Counts VI-VIII-B purport to state a variety of claims including: federal unfair competition (Count VI), trademark infringement/false designation of origin (Count VII), common law trademark infringement (Count VIII-A), and deceptive and unfair trade practices under Florida state law (Count VIII-B). As discussed in Defendants' Motion to Dismiss, success on the merits of these claims requires demonstrating that there is a likelihood that the relevant consuming public has been deceived or confused by the (as yet unspecified) actions of Defendants. (*See* DE 15 at 7, 9, 11-12, & 13). Again, Blue Water, however, has expressly admitted that "several [of Blue Water's] clients have complained that the Vevazz device and system is substantially less expensive and sells for approximately 10% of the Blue Water device and system, as the Vevazz product us a cheaply made 'knock-off.'" (DE 1 at 4 ¶16). Evidence of actual confusion (or in this case lack thereof) is the "best evidence" to rely upon in making a determination on the question of a likelihood of confusion. *See, Frehling Enters, Inc. v. Int'l Select Grp., Inc.*, 192 F. 3d 1330, 1335 (11th Cir. 1999) (internal citation omitted). In this case, as admitted by Blue Water, the "best evidence" demonstrates that the relevant consuming public is *actually not confused* by any act of Defendants—logically precluding any finding that the relevant

consuming public is likely to be confused by anything the Defendants are alleged to have done. Because Blue Water cannot deny its admission, which bars a finding of a likelihood of confusion, any amendment of Counts VI-VIIIB would be futile and should be denied. *See*, *Hall*, 367 F. 3d at 1262-63 (affirming denial of leave to amend complaint as futile, because the proposed amended complaint contained "no potentially meritorious claims.").

### 4. It Would Be Futile For Blue Water To Amend Count IX, Because Blue Water's Own Pleadings Refute Its Claim of False Advertising.

Count IX of Blue Water's Complaint purports to be a claim for false advertising, based on allegations that Defendants "have represented to the public false and misleading facts and statements, and in particular, have made claims and representations to the FDA and the consuming public that its [*sic*] devices are substantially equivalent to the UltraSlim® device." (DE 1 at 15 ¶ 92). As explained in Defendants' Motion to Dismiss, the term "substantially equivalent," or its variant "substantial equivalence,"[7] is a statutorily defined term used in used in connection with the registration of a medical device with the FDA to reflect that a device "has the same intended use as [a] predicate device" and either "has the same technological characteristics as the predicate device," or if it has different technological characteristics, the new device raises no questions of safety or efficacy. (DE 15 at 16-17 citing (21 U.S.C. § 360c(i)). As also explained, Blue Water alleges that Defendants make and sell a "fat reducing device and method utilizing optical emitters," and that its (Blue Water's) patented devices are a "fat reducing device and method using optical emitters." (DE 15 at 16 citing (DE 1 at 1 ¶1 and at 5 ¶ 22). Blue Water has, therefore, alleged that the accused device has the same intended use and has the same technological characteristics as its device—i.e., meets the definition of "substantial equivalence" under 21 U.S.C. § 360c(i). As such, Blue Water cannot maintain a claim of false advertising when it has alleged verified facts demonstrating the truth of the statement it alleges is false.

---

[7] As explained, using these statutorily defined terms as required by the FDA to register a medical device has no bearing on a patent infringement analysis. (DE 15 at 14-15 n.5 & at 16-17).

Tellingly, Blue Water did not address this fundamental flaw of its pleadings that exposes the lack of merit to any false advertising claim it could make against Defendants. (*See*, DE 18 at 11-12). Because Blue Water's admission precludes any claim of false advertising, any amendment of Count IX would be futile. Accordingly, the Court should dismiss Count IX with prejudice and decline to grant Blue Water leave to file an amended claim of false advertising.

## V.       Conclusion

For at least the foregoing reasons and the reasons set forth in their Motion to Dismiss, Defendants Vevazz and Fettig respectfully request the Court dismiss Counts I-IX (including counts VIII-A and VIII-B) of Blue Water's Complaint with prejudice, deny Blue Water leave to amend its Complaint, and award all other relief to Defendants the Court deems appropriate.

Dated: August 20, 2018

Respectfully submitted,

*/s/ John P. Shanahan*
John P. Shanahan
Florida Bar No.: 116464
jshanahan@hansenreynolds.com
Thomas S. Reynolds II (*admitted pro hac vice*)
tsreynolds@hansenreynolds.com
Jeremy Adelson (*admitted pro hac vice*)
jadelson@hansenreynolds.com
**HANSEN REYNOLDS LLC**
301 North Broadway, Suite 400
Milwaukee, WI 53202
Telephone: (414) 455-7676
Facsimile: (414) 273-8476

Sarah Troupis Ferguson (*admitted pro hac vice*)
sferguson@hansenreynolds.com
**HANSEN REYNOLDS LLC**
10 E Doty St., Suite 800
Madison, WI 53703
Telephone: (608) 841-1351
Facsimile: (414) 273-8476

*Attorneys for Defendants*
*Jamie Fettig and Vevazz, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2018, I had the foregoing document filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties authorized to receive electronic filings in this case, including counsel listed in the Service List, below.

*/s/ John P. Shanahan*
John P. Shanahan

## SERVICE LIST

Louis R. Gigliotti, Esq.
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
(954) 471-4392
lgigliotti@bellsouth.net