United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Blue Water Innovations, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-60671-Civ-Scola |
| | ) | |
| Jamie Fettig and Vevazz, LLC, | ) | |
| Defendants. | ) | |

## Order on Defendants' Motion to Dismiss

Plaintiff Blue Water Innovations, LLC ("Blue Water") brings this lawsuit against Defendants Jamie Fettig and Vevazz, LLC ("Vevazz") alleging patent infringement of three U.S. Patents, trademark infringement, unfair and deceptive trade practices, and false advertising. This matter is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint (**ECF No. 15**). For the reasons set forth in this Order, the Court **grants** Defendants' motion to dismiss.

### 1. Background

Blue Water is in the business of "manufacturing a high quality system and method for reducing lipid content of adipocytes in a body, and a fat reducing device and method utilizing optical emitters, and sells and distributes these devices[.]" (Compl. at ¶ 12, ECF No. 1.) Blue Water owns the rights to three patents related to its devices: U.S. Patent No. 9,044,595 (the "595 Patent"), U.S. Patent No. 9498641 (the "641 Patent"), and U.S. Patent No. 9,808,314 (the "314 Patent"). (*Id.* at ¶¶ 18-24.) Blue Water is also the owner of U.S. Trademark 5,044,082 for Ultraslim®, for use on fat reduction and skin rejuvenation devices. (*Id.* at ¶ 29.)

Blue Water alleges that Jamie Fettig and his company, Vevazz, stole Blue Water's patented technology and are using it to sell "knockoff" fat reducing devices. (*Id.* at ¶ 1.) The Defendants are also improperly using Blue Water's Ultraslim trademark on their website "in a manner that falsely associates the Fettig and Vevazz device with those of Blue Water." (*Id.* at ¶ 37.) Mr. Fettig and Vevazz have sold over 300 of their systems for approximately $25,000 each. (*Id.* at ¶ 17.) Blue Water alleges that Mr. Fettig has "orchestrated all of the acts complained of." (*Id.* at ¶ 40.)

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "[W]here a plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . ." *Brooks v. Blue Cross Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### 3. Analysis

### A. Counts I-III: Patent Infringement

The Defendants' motion argues that Blue Water fails to state a claim for patent infringement under Counts I, II, and III because Blue Water "has not identified a single claim from any of the Asserted Patents as being infringed." (Motion to Dismiss at 7, ECF No. 15.) The Defendants' motion further asserts that the complaint relies on "vague and generic" allegations that Defendants sell fat reducing devices that are "virtually identical" to Blue Water's device. (*Id.*) In response, Blue Water makes no effort to refute the Defendants' arguments and simply copies and pastes excerpts of the complaint into its response. (Plaintiff's Response at 4-5, ECF No. 18.) After careful analysis, the Court agrees with the

Defendants and finds Blue Water has failed to state a claim for patent infringement.

In order to state a claim for patent infringement, "the allegedly infringing product must practice all elements of a patent claim." *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017) (Altonaga, J.). Furthermore, "[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *Id.*

The Plaintiff's complaint fails to name a single claim in the Blue Water patents, let alone describe how the Defendants' product infringes on any of the elements of these claims. From the Court's review of the patents attached to the complaint, it appears that Patent 641 includes nine (9) claims, Patent 595 includes twenty-one (21) claims, and Patent 314 includes six (6) claims (ECF No. 1-1). Blue Water fails to discuss any of these claims. Instead, Blue Water simply states that Defendants "sold and offered for sale fat reducing devices that are virtually identical to the design claimed in the [patents]." (ECF No. 1 at ¶¶ 44, 50, 56.) As currently pleaded, the Complaint "does not give Defendants fair notice—or any notice at all—as to the patent infringement claims[.]" *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 16-60693, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) (Ungaro, J.) (dismissing patent infringement claim). Accordingly, Counts I-III are dismissed without prejudice for failure to state a claim.

### B. Count IV – Injunctive Relief

Count IV of the complaint is a count for injunctive relief. Blue Water asks the Court to enjoin the Defendants' patent and trademark infringement. (ECF No. 1 at ¶ 65.) The Defendants motion argues that a claim for injunctive relief is not a cause of action (ECF No. 15 at 4.) The Court agrees with Defendants and therefore dismisses Count IV.

"Any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action.... There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)." *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ); *Fastway Moving & Storage, Inc. v. Ugarte*, No. 13-60832, 2013 WL 3927687, at *2 (S.D. Fla. Jul7 29, 2013) (Moreno, J.) (same). "An injunction is a

'remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.'" *Alabama*, 424 F.3d at 1127 (quoting *Klay*, 376 F.3d at 1098).

Count IV is insufficiently pled as there are no "independent legal rights" that serve as a basis for the injunctive relief sought.  To the extent that Plaintiff seeks injunctive relief for "Defendants' acts of patent and trademark infringement," the Complaint seeks injunctive relief in the individual counts (*see, e.g.,* ECF No. 1 at ¶¶ 48, 54, 60) and in the Complaint's prayer for relief. (*Id.* at 16). Thus, Count IV is dismissed with prejudice.

### C. Count V – Initial Interest Confusion

Plaintiff claims that Defendants are using the Plaintiff's trademark, "Ultraslim," on their website. This creates a likelihood that when an internet user searches "Ultraslim" he will get a "hit" for the Defendants' product. (ECF No. 1 at ¶ 71.) Therefore, internet users searching for the Plaintiff's product are directed by the search engine to the Defendants' similar product. *Id.* This allegedly creates initial interest confusion.

Defendants argue that Count V of the Complaint must be dismissed because the Eleventh Circuit does not recognize initial interest confusion as the basis for an actionable claim for trademark infringement under the Lanham Act. 15 U.S.C. § 1051, *et seq.* (ECF No. 15 at 5.)  Moreover, Plaintiff's allegations show that the public is not *actually* confused. (*Id.* at 6). In response, Plaintiff argues that "the issue of initial interest confusion is still open in the Eleventh Circuit." (ECF No. 18 at 6.) After review, the Court agrees with the Defendants.

A trademark infringement claim requires a showing that the plaintiff "(1) has acquired enforceable trademark rights in the mark; and (2) that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there is a likelihood of confusion as to the origin of the goods." *Brian Pharma., LLC v. Woodbolt Distib., LLC*, No. 12-60141, 2012 WL 12838277, at *2 (S.D. Fla. May 1, 2012) (Scola, J.). Some courts hold that "initial interest confusion" is sufficient to establish confusion under the second prong. *USA Nutraceuticals Group, Inc. v. BPI Sports, LLC*, 165 F. Supp. 3d 1256, 1265 (S.D. Fla. 2016) (Bloom, J.). Initial interest confusion occurs "when a customer is lured to a product by the similarity of the mark, even if the customer realizes the true source of the goods before the sale is consummated." *Id.*

"The Eleventh Circuit has not expressly decided whether initial interest confusion occurring and concluding before the point of purchase can establish actual confusion for the purposes of the likelihood of confusion analysis" in a trademark infringement case. *Brian Pharma.,* 2012 WL 12838277, at *6.

"However, the Court suggested that—at least where the confusion is remedied prior to sale—such confusion is not sufficient to satisfy the likelihood-of-confusion analysis." *Id.* (citing *N. Am. Medical Corp. v. Axiom Worldwide Inc.,* 522 F.3d 1211, 1222 (11the Cir. 2012)).

Here, Plaintiff's complaint includes allegations that "several clients have complained that the Vevazz device and system is substantially less expensive, and sells for approximately 10% less of the Blue Water device and system, as the Vevazz product is a cheaply made 'knock-off.'" (ECF No. 1 ¶16.) According to Blue Water's own allegations, customers are able to identify the difference between the two products, so there is no evidence of confusion. This allegation is fatal to Blue Water's position. *See Id.* (finding initial interest confusion unpersuasive where there was no evidence that customers purchased infringing product "in their confusion."). Accordingly, Defendants' motion to dismiss Count V is granted.

### D. Count VI-VIII-A[1]: Federal Unfair Competition; Trademark Infringement/False Designation of Origin; and Common Law Trademark Infringement

The Defendants argue that Counts VI, VII, and VIII-A fail to give Defendants fair notice of Blue Water's claims because they recite generic allegations and fail to clearly state the legal basis for each claim. (ECF No. at 6-10.) Again, Blue Water makes no effort to clarify or defend its allegations. Instead, it copies and pastes excerpts from its complaint and states that these claims are indeed properly alleged. (ECF No. 1 at 8-9.) Moreover, Blue Water does not even address Count VIII-A in its response. After careful analysis, the Court agrees with the Defendants and finds Blue Water has failed to state a claim in Counts VII, VII, and VIII-A.

Under Fed. R. Civ. P. 8, "a complaint meets the applicable 'notice' pleading standard if it notifies the adverse party of the claim and the proposed relief to a degree sufficient to enable the adverse party to formulate a response." *Techworks, Inc. v. H.M. Seiden Consulting, Inc.*, Case No. 06-60572, 2006 WL 8432537, at *1 (S.D. Fla. Sept. 11, 2006) (Altonaga, J.). Furthermore, "litigants must separate distinct claims into separate counts so that the opposing party and the Court can properly analyze each of them." *Id.* Under Rule 10, "a proper complaint will present each claim for relief in a separate count and with such

---

[1] Plaintiff's Complaint includes two claims labeled Count VIII. Defendants' Motion to Dismiss re-labels them Count VIII-A and Count VIII-B to differentiate between the two. The Court will use the same naming convention as the Defendants' motion.

clarity and precision that the defendant will be able to discern what the plaintiff is claiming." *Id.* at *2. This is important because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Id.*

Here, Counts VI-VIII-A do not comply with the pleading requirements under the Federal Rules. Count VI of Plaintiff's Complaint is titled "Federal Unfair Competition" and states that "[p]ursuant to 15 U.C.S. § 1125(a) Defendants' acts constitute unfair competition *and* false designation of origin." (ECF No. 1 at ¶ 75) (emphasis added). Section 1125(a) refers to Section 43(a) of the Lanham Act, which creates a cause of action for false designation of origin. *Tana v. Dantanna's*, 611 F.3d 767, 773 n.5 (11th Cir. 2010). This is different than a claim for unfair competition under 15 U.S.C. § 1114.

Count VII is titled "Trademark Infringement/False Designation of Origin under 15 U.S.C. § 1125(a)." (ECF No. 1 at 13). Paragraph 80 of Count VII states that this is an action under 15 U.S.C. §§ 1114, 1115, 1117, *and* 1125. Section 1114 refers to Section 32(a) of the Lanham Act and creates a cause of action for infringement of a registered trademark or unfair competition. *Tana*, 611 F.3d at 774 n.5. Plaintiff also cites Sections 1115 and 1117, which refer to the defenses and remedies available under the Lanham Act.

Count VIII-A is titled "Common Law Trademark Infringement" and purports to state a cause of action under 15 U.S.C. § 1125(a) *and* Fla. Stat. § 495.151. (ECF No. 1 at ¶¶ 85-86). Section 1125 creates a cause of action for false designation of origin under federal law and Section 495 of the Florida Statutes creates a cause of action for trademark infringement under state law.

In sum, all three counts are defective. Count VI references a cause of action for unfair competition *and* false designation of origin; Count VII references trademark infringement *and* false designation of origin, as well as other sections of the Lanham Act; and Count VIII-A cites state law and federal law. *See Techworks, Inc.*, 2006 WL 8432537, at *2 ("commingling various theories of liability within individual counts, renders Plaintiff's Complaint an inappropriate basis upon which to evaluate its allegations.") (citations and quotations omitted). Accordingly, the Court dismisses Counts VI-VIII-A without prejudice for failure to meet the pleading requirements under the Federal Rules.

**E. Count VIII-B – Florida Deceptive and Unfair Trade Practices Act**

Plaintiff makes a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.* Plaintiff's complaint states that the Defendants' actions "described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants are

affiliated, connected or associated with Plaintiff's goods and services[.]" (ECF No. 1 ¶ 89.) Defendants' actions have resulted in "substantial damages to Blue Water and lost sales." (*Id.* ¶ 16). In their motion, Defendants argue that the Plaintiff fails to allege the elements of FDUTPA and Blue Water's claim of "lost sales" are not actual damages. (ECF No. 15 at 12-13.) After review, the Court agrees with Defendants.

The elements of a cause of action under FDUTPA are "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (affirming summary judgment for Defendant where FDUTPA plaintiff "made no allegation and presented no evidence" of an element of the claim). With respect to the third element, "[p]roof of actual damages is necessary to sustain a FDUTPA claim." *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 1340, 1352 (S.D. Fla. 2017) (Moore, C.J.) (quoting *Dorestin v. Hollywood Imps., Inc.*, 45 So. 3d 819, 824 (Fla. 4th DCA 2010)). "FDUTPA 'actual damages' do not include consequential damages." *Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, No. 15-cv-81062, 2016 WL 4256916, at *5 (S.D. Fla. May 16, 2016) (Middlebrooks, J.) (quoting *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008)).

"Lost profits are a 'quintessential example' of consequential damages" and are not recoverable under FDUTPA. *Id.* at **5-6 (dismissing FDUTPA claim and holding that "lost profits are consequential damages, and, thus, not recoverable under FDUTPA.") (citing *Nyquist v. Randall*, 819 F.2d 1014, 1017 (11th Cir. 1987)); *see also    Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012) (Seitz, J.) ("It remains well-settled in Florida that consequential damages in the form of lost profits are not recoverable under FDUTPA.").

Blue Water seeks recovery of "lost sales"—a theory of consequential damages. *Casa Dimitri*, 270 F. Supp. 3d at 1352 ("[H]arm in the manner of competitive harm, diverted or lost sales, and harm to the goodwill or reputation are consequential damages.") (quotations and citations omitted). Because Blue Water is not pursuing "actual damages," its FDUTPA claim should be dismissed. *Diversified Mgmt.* 2016 WL 4256916, at *5; *Casa Dimitri*, 270 F. Supp. at 1352. Accordingly, the Court dismisses Count VIII-B.

## F. Count IX – False Advertising

Plaintiff claims that Defendants have "placed false advertisements, have represented to the public false and misleading facts and statements" and that these representations are "fraudulent." (ECF No. 1 at ¶¶ 92, 96.) Defendants argue that Count IX should be dismissed because Blue Water failed to state whether its claim is based on federal or state law and its claims fail to meet the

heightened pleading requirements of Fed. R. Civ. P. 9(b). After review, the Court agrees with Defendants.

Under Fed. R. Civ. P. 8, "litigants must separate distinct claims into separate counts so that the opposing party and the Court can properly analyze each claim." *Techworks*, 2006 WL 8432537 at *1. Courts frown upon "comingling various theories of liability within individual counts" because this "renders Plaintiff's Complaint an inappropriate basis upon which to assess its allegations." *Id.* at *2 (citations and quotations omitted).

Count IX of Blue Water's complaint fails to specify whether it is a claim under Florida's false advertising law, Fla. Stat. § 817.41, or under Section 43(a) of the Lanham Act. Therefore, the Court is unable to analyze the claims, not least because a claim for false advertising is subject to Rule 9(b)'s heightened pleading standard, while a claim under the Lanham Act is not. *USA Nutraceuticals Group, Inc. v. BPI Sports, LLC*, No. 15-80352, 2016 WL 4254257, at *2 (S.D. Fla. Feb. 16, 2016) (Bloom, J.). Accordingly, the Court dismisses Count IX without prejudice.

### G. Claims Against Mr. Fettig In His Individual Capacity

Defendants move to dismiss all claims against Jamie Fettig individually because Blue Water fails to allege facts sufficient to pierce the corporate veil and hold Mr. Fettig personally liable (ECF No. 15 at 18). Blue Water alleges that Mr. Fettig, the owner of Vevazz, "orchestrated all of the acts complained of and has participated in acts of infringement with full knowledge of Blue Water's patent rights." (ECF No. 1 at ¶ 40.) Although the Court's previous analysis applies to all claims against Mr. Fettig, the Court will address Defendants' argument regarding a corporate officer's individual liability.

Counts I-III for patent infringement are presumably brought pursuant to 35 U.S.C. § 271(a). "When a plaintiff seeks to impose personal liability for patent infringement on an officer of a corporation, a district court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." *Exigent Tech., Inc. v. Radiant Telecom, Inc.*, No. 04-22140, 2005 WL 8154987, at *2 (S.D. Fla. Dec. 5, 2005) (Seitz, J.). Under specific circumstances, "a court may disregard the corporate entity if it determines that piercing the veil will prevent fraud, illegality, injustice, a contravention of public policy, or prevent the corporation from shielding someone from criminal liability." *Id.* There are no allegations in the Plaintiff's complaint that any of these "special circumstances" exist. Therefore, in addition to the reasons set forth above, Counts I-III are dismissed as to Mr. Fettig in his individual capacity.

"Under Florida law, a plaintiff attempting to hold a corporate director personally liable must allege actual wrongdoing in the form of fraud, self-dealing or unjust enrichment to establish individual liability." *Techworks*, 2006 WL 8432537, at *4. Other than alleging that Mr. Fettig "orchestrated the acts complained of," the Complaint makes no specific allegations of self-dealing, fraud, or unjust enrichment to establish Mr. Fettig's individual liability. Therefore, in addition to the reasons set forth above, Counts VIII-A and VIII-B, the Florida law claims, are dismissed as to Mr. Fettig in his individual capacity for failure to allege facts sufficient to pierce the corporate veil.

Under the Lanham Act, corporate officers are liable for trademark infringement "without regard to piercing of the corporate veil." *Wholesale Stone, LLC v. Stone-Mart Marble & Travertine Group LLC*, 2014 WIL 11906611 (S.D. Fla. March 10, 2016) (Altonaga, J.). In order to establish individual liability for trademark infringement, the complaint must alleged that the corporate officer "directs, controls, ratifies, participates in, or is the moving force behind the infringing activity[.]" *Id.* Here, there are no facts to support the Plaintiff's threadbare allegations that Mr. Fettig "orchestrated all of the acts complained of." *Cf. Wholesale Stone,* 2014 WL 11906611 at *3 (holding that the allegations against the individual were "not conclusory and threadbare" where complaint included specific facts regarding the individual officer's involvement in the infringing acts). Accordingly, the remaining counts under the Lanham Act are dismissed as to Mr. Fettig.

### 4. Conclusion

Based on the foregoing, the Court **grants** Defendants' motion to dismiss Blue Water's complaint for failure to state a claim (**ECF No. 15**). All claims are dismissed without prejudice, except for Count IV, which is dismissed with prejudice. Plaintiff's request "alternatively" seeking leave to amend the complaint is denied as improper. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.,* No. 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."). The Court thus dismisses the complaint without leave to amend.

The Clerk is directed to **close** this case.

**Done and ordered**, at Miami, Florida, on March 8, 2019.

Robert N. Scola, Jr.
United States District Judge